CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 6 2009

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| JOHN WILSON, | ) | Civil Action No. 7:09-cv-00268 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| W.R. GOOD, <u>et al.</u>, | ) | By: Hon. James C. Turk |
| Defendants. | ) | Senior United States District Judge |

John Wilson filed a complaint titled "Civil Complaint Pursuant to 28 U.S.C. § 2671 <u>et seq.</u>" in which he alleges that the defendants violated his constitutional rights. Plaintiff names as defendants W.R. Good; Joe Mott, an Assistant United States Attorney ("AUSA"); and John F. O'Neil Castro, plaintiff's attorney in his criminal trial.[1] This matter is before the court for screening, pursuant to 28 U.S.C. § 1915A(b)(1). After reviewing plaintiff's submissions, the court dismisses the complaint without prejudice as frivolous, pursuant to <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

I.

Plaintiff alleges the following facts. The defendants caused plaintiff to be imprisoned for offenses he did not commit. (Compl. 2.) The defendants procured his unlawful conviction through a conspiracy of fraud, perjury, obstruction of justice, kidnapping, civil rights violations, racketeering, and false imprisonment. Plaintiff references medical records to prove that he visited a hospital many times when the defendants accused him of committing crimes, and he concludes that this evidence exonerates him.

---

[1] Plaintiff does not identify Castro as his attorney, but plaintiff attached a transcript of his criminal proceedings. In this transcript, Castro is cross examining a witness for the United States, which is represented by AUSA Mott. (Compl 9-10.) The transcript also identifies Castro as "counsel." (<u>Id.</u> 10.) Therefore, the court concludes that Castro was an attorney representing plaintiff.

Plaintiff questions the truthfulness and accuracy of a witness, an admitted purchaser of illegal drugs, who testified that she saw plaintiff 200 times between January and September 2006. (Id. 14.) Plaintiff also believes the probation officer lied about how much drugs the witnesses bought. (Id.) Two other witnesses also committed perjury because they inconsistently stated the amount of drugs they purchased. (Id. 15.)

Plaintiff seeks the expungement of his criminal record and damages to compensate him for the injustice he experienced, and he requests leave to proceed in forma pauperis. Plaintiff argues that he is entitled to treble damages for the defendants pattern of unlawful activity, pursuant to 18 U.S.C. § 1964(c). (Id. 1.)

II.

The court must dismiss any action or claim filed by an inmate if the court determines that the action or claim is frivolous or fails to state a claim on which relief can be granted. See 28 U.S.C. §§ 1915(e)(2), 1915A(b)(1); 42 U.S.C. § 1997e(c). The first standard includes claims based upon "an indisputably meritless legal theory," "claims of infringement of a legal interest which clearly does not exist," or claims where the "factual contentions are clearly baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Although the court liberally construes pro se complaints, Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), the court does not act as the inmate's advocate, sua sponte developing statutory and constitutional claims the inmate failed to clearly raise on the face of his complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). See also Gordon, 574 F.2d at 1151 (recognizing that district courts are not expected to assume the role of advocate for the pro se plaintiff).

Although plaintiff captions his complaint pursuant to the Federal Tort Claims Act, he alleges that federal agents violated his constitutional rights, not that they committed tortious acts. Therefore, the court construes the complaint as arising from Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). See, e.g., Haines v. Kerner, 404 U.S. 519(1972) (liberally construing pro se pleadings). To state a claim under Bivens, a plaintiff must allege that a defendant is a federal agent who acted under the color of authority and engaged in unconstitutional conduct. Bivens, 403 U.S. at 389. See Farmer v. Brennan, 511 U.S. 825, 839-40 (1994) (finding that case law involving § 1983 claims is applicable in Bivens actions, and vice versa); West v. Atkins, 487 U.S. 42, 48 (1988) (holding that a plaintiff in a § 1983 action must show that an alleged constitutional deprivation was committed by a person acting under color of state law). However, an attorney, whether retained, court-appointed, or a public defender, does not act under color of law, which is a jurisdictional prerequisite for any civil action brought under Bivens. See Deas v. Potts, 547 F.2d 800 (4th Cir. 1976) (private attorney); Hall v. Quillen, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); Polk County v. Dodson, 454 U.S. 312, 317-24 & nn.8-16 (1981) (public defender). Therefore, plaintiff's attempt to impose liability upon Castro, his former attorney, under Bivens is a meritless legal theory and is dismissed as frivolous.

"[C]ivil tort actions are simply not appropriate vehicles for challenging the validity of outstanding criminal judgments." Harvey v. Horan, 278 F.3d 370, 374-75 (4th Cir. 2002) (internal quotation marks omitted). Permitting civil actions to be used "for that purpose would undercut the long-standing concern not to undermine the finality of criminal convictions through civil suits." Id. at 375. Therefore, the court must consider whether a judgment in favor of the

3

plaintiff in this action would necessarily imply the invalidity of his conviction or sentence; if it would, the court must dismiss the complaint unless the plaintiff can demonstrate that the conviction or sentence has already been favorably terminated. Heck v. Humphrey, 512 U.S. 477, 487 (1994). See Abella v. Rubino, 63 F.3d 1063, 1065 (11th Cir. 1995) (holding that Heck applies to § 1983 and Bivens actions). Favorable termination occurs when "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . ." Heck, 512 U.S. at 487.

Success on plaintiff's claims clearly would imply the invalidity of his current confinement because he essentially argues actual innocence of the crimes for which he is incarcerated: if it were not for the defendants' alleged conspiracy and unlawful acts depriving plaintiff of his constitutional rights, he would not have been convicted. Plaintiff cannot prove favorable termination because he is still convicted and serving a sentence for the crimes for which he seeks monetary relief. Therefore, plaintiff's action is frivolous because he pursues a meritless legal theory – the reversal of Heck's favorable termination requirement. Accordingly, I dismiss the complaint without prejuduce as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1).[2] See Omar v. Chasanow, No. 08-8440, 2009 U.S. App. LEXIS 5681 at *1-2 (4th Cir. March 18, 2009) (per curiam) (modifying district court's dismissal under Heck with prejudice to be dismissed

---

[2]This dismissal constitutes a strike under 28 U.S.C. § 1915(g). While a dismissal without prejudice for failing to state a claim does not constitute a strike, a dismissal of an action as frivolous does. See McLean v. United States, 566 F.3d 391, 399 (4th Cir. 2009) ("However, nothing in our analysis of dismissals for failure to state a claim suggests that dismissals for frivolousness should be exempted from § 1915(g)'s strike designation, even when the dismissal is rendered without prejudice.").

4

without prejudice to allow plaintiff to refile if favorable termination occurs).

III.

For the foregoing reasons, the court dismisses the complaint without prejudice as frivolous, pursuant to 28 U.S.C. § 1915A(b)(1), and strikes the case from the active docket.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the plaintiff.

**ENTER**: This 20th day of August, 2009.

/s/ James C. Turk
Senior United States District Judge